## No. 12,879.

### CITY OF PUEBLO *v.* SINCLAIR.
(19 P. [2d] 494)

Decided February 14, 1933.

Mr. W. O. PETERSON, for plaintiff in error.

Mr. WILLIAM T. BURRIS, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

Mrs. Sinclair sued the city of Pueblo to recover a judgment to compensate her for the injuries she sustained in falling into a hole in one of its public streets. The jury's verdict in her favor for $2,150 was upheld by the trial court and judgment in that sum against the city was entered. The material facts are thus stated by the city attorney of Pueblo in his opening brief: In the afternoon of April 28, 1930, the plaintiff parked her automobile, angling between two other parked cars, on the south side of Third street, between Main and Court streets, in the city of Pueblo, and stepped out of her automobile backwards on the left side thereof about five or six feet from the curb, into a hole in the street ten or eleven feet out from the curb, and fractured a small bone in her right ankle and received other minor bruises. The four grounds upon which the city here relies for a reversal of the judgment are thus stated by its attorney: (1) That the hole in the street was not so large or deep or of such a character as to make the street unsafe and dangerous for traffic at the point where the same was located; (2) that there was no evidence on the trial of actual, implied or constructive notice to the city of the unsafe and dangerous condition prior to the accident with an opportunity to remedy the same; (3) that the testimony of the plaintiff shows that she did not exercise due care on her part to avoid injury; (4) that the verdict was excessive and evidently the result of bias, passion and prejudice on the part of the jury. These particular grounds will be considered in reverse order.

1. Our examination of this record reveals nothing that even tends to show any prejudice on the part of the jury or that the verdict was excessive or the result of any bias or prejudice. That the plaintiff was seriously injured and suffered pain almost continuously from the time of the injury until the time of trial is testified to by

her in no uncertain terms. The amount of the expenses which she paid out as the result of these injuries, as testified to by her, amounted to $125.70. Her ankle bone was unquestionably fractured and she suffered for a long period of time physical pain as the result of the injuries. We find nothing in this record to indicate that the verdict of the jury was unreasonable in amount or that any improper motive actuated the jury in fixing the amount of compensation.

2. As is usual in such cases, there was more or less conflict in the testimony produced by the plaintiff and that brought out by the defendant as to the care which the plaintiff exercised to avoid injury. The instructions of the court to the jury were eminently fair and no criticism thereof has been made by the city attorney. We assume, therefore, that the jury was properly and adequately instructed as to the law of the case upon all of the issues that were tried and submitted.

3. Upon the question of actual, implied or constructive notice to the city of the alleged unsafe and dangerous condition of the street prior to the accident, with an opportunity to remedy the same, there was evidence tending to show that this hole in the street into which the plaintiff fell had been there a number of days or weeks before the accident occurred. There was also testimony tending to show that the existence of this hole might not have been of such long duration as that the city authorities had, or might have had, actual or constructive notice thereof. The court's instructions to the jury specifically stated the law applicable to such state of evidence and we cannot say that the jury was wrong in its finding upon this issue. There was evidence tending to show that this hole in the street was several inches deep and the evidence also tended to show that this hole was in that portion of the street not commonly used for traffic at the point where it was located. There was some testimony to the contrary, but the trial court submitted that issue fairly to the jury and its finding was, and must

have been, that the hole in the street was in that portion thereof which was commonly used for parking of automobiles and not for vehicular traffic.

To sum up, we say that while there was a conflict in the testimony produced by the plaintiff and that offered by the city as to each and every one of the four propositions upon which the city here relies for reversal, we find no error in the instructions to the jury, and are convinced that upon each and all of the issues there was testimony which, if believed by the jury, authorized the verdict in favor of the plaintiff. We cannot interfere with this judgment and it is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.